IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROY D. BAKER, JR.,
f/d/b/a BAKER & LANCIANESE,
f/d/b/a BAKER & ORNDORFF, and
f/d/b/a BAKER LAW OFFICES,

                Plaintiff,

v.                                       CIVIL ACTION NO. 3:11-505

BORG WARNER MORSE TEC, INC.,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Roy D. Baker, Jr.'s Motion for Leave to File a Counterclaim [ECF No. 28] to an amended counterclaim filed by Defendant BorgWarner Morse Tec Inc. For the following reasons, the Court converts the motion into one to file a Second Amended Complaint and **GRANTS** the same.

**I.
FACTUAL AND
PROCEDURAL HISTORY**

On May 26, 2011, Plaintiff filed an action in the Circuit Court of Cabell County, West Virginia, entitled "Complaint on an Account." The entire Complaint provides: "Defendant, Borg Warner, Inc owes Plaintiffs $161,008.44, plus interest allowable by law, according to the account hereto annexed as Exhibit A. WHEREFORE, Plaintiffs demand judgment against Defendant, Borg Warner, Inc. in the sum of $161,008.44, plus interest allowable by law and costs

incurred in the pursuit of this matter."[1] *Complaint on Account*. The dates on the account extend from May 25, 2007 through April 30, 2008, with the exception of one invoice dated December 5, 2003.

On June 29, 2011, Plaintiff filed an Amended Complaint on an Account in which he briefly describes the State court's jurisdiction and venue to hear the matter, and he adds he is an attorney and that the amount due on the account is the result of "Defendant Borg Warner, Inc., enter[ing] into a series of oral or written contracts with Plaintiff to perform legal services on its behalf in the defense of a number of suits throughout the State of West Virginia." *Amended Complaint on an Account*, ¶ 5. Defendant removed the matter to this Court on July 25, 2011, based upon diversity of jurisdiction.[2]

After the case was removed, Defendant filed an Answer to the Amended Complaint and a Counterclaim against Plaintiff. In the Counterclaim, Defendant asserts its claims against Plaintiff arise out of the same transactions and occurrences set forth in the Amended Complaint and, therefore, are compulsory. The essence of Defendant's Counterclaim is that it was substantially overbilled and paid for legal services rendered by Plaintiff for the period 2004 through 2008. Following Plaintiff's "Reply" to the Counterclaim and a discussion between counsel, Defendant amended its Counterclaim. In its amendment, Defendant asserts its "Counterclaim arises out of

---

[1] Although the original Defendant was named as "Borg Warner, Inc." The correct Defendant is "BorgWarner Morse Tec Inc." The parties later filed a stipulation to dismiss "Borg Warner, Inc." and substitute "BorgWarner Morse Tec Inc."

[2] It appears that a Summons was issued on the original Complaint on June 29, 2011.

many of the same transactions and occurrences set forth in Plaintiff's *Amended Complaint on an Account*, as well as other transactions and occurrences arising from Plaintiff's representation of BorgWarner in litigation matters." *Defendant BorgWarner Morse Tec Inc.'s Answer, Affirmative Defenses, and Amended Counterclaim to Plaintiff's Amended Complaint on an Account*, *Counterclaim* at ¶ 2. Defendant also added specific counts for breach of contract and unjust enrichment. In response, Plaintiff filed a Reply to the Amended Counterclaim and the pending Motion for Leave to File Counterclaim. Defendant objects to the motion.

## II.
## DISCUSSION

Defendant's first objection to Plaintiff's motion is that a "counterclaim to a counterclaim" is not recognized by the Federal Rules of Civil Procedure, and Defendant was "unable to locate any case law or procedural decision which recognizes a 'counterclaim to a counterclaim.'" *Defendant/Counterclaim-Plaintiff BorgWarner Morse Tec, Inc.'s Response in Opposition to Plaintiff's Motion for Leave to File Counterclaim*, at 3. Although Defendant is correct that a counterclaim to a counterclaim is not expressly recognized by the Federal Rules, there are several courts which have considered the issue and most "have concluded that a counterclaim may be asserted in a reply to a counterclaim." *Soil Works, LLC v. Midwest Indus. Supply, Inc.*, No. CV-06-2141-PHX-DGC, 2007 WL 1521585, *1 (D. Ariz. May 22, 2007).

As explained by the Minnesota district court in *Feed Management Systems, Inc.*, 518 F. Supp.2d 1094 (D. Minn. 2007), although Rule 7(a) of the Federal Rules of Civil Procedure does not authorize a "counterclaim-in-reply" to a counterclaim, the "weight of authority" holds it "is a permissible pleading when it is a compulsory reply to a permissible counterclaim." 518 F. Supp.2d

at 1096 (internal quotation marks and citations omitted).³  As explained by Wright and Miller, the rationale behind this exception is:

> If the plaintiff has a claim arising from the same transaction as the one involved in the defendant's counterclaim—a claim that would constitute a compulsory counterclaim under Rule 13(a)—the plaintiff must assert it in the reply or risk being barred from bringing a later action on it.  In this context, a counterclaim in the plaintiff's reply to the defendant's counterclaim seems entirely appropriate.

5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 1188 (3d ed. 2011). *See also Orient Mineral Co. v. Bank of China*, Civil No. 2:98-CV-238BSJ, 2010 WL 624868, *10 (D. Utah Feb. 19, 2010) (recognizing that other courts have created an exception to Rule 7(a) to allow a counterclaim in reply to a defendant's counterclaim).

---

³Rule 7(a) provides:

> **(a) Pleadings**.  Only these pleadings are allowed:
>
> **(1)** a complaint;
>
> **(2)** an answer to a complaint;
>
> **(3)** an answer to a counterclaim designated as a counterclaim;
>
> **(4)** an answer to a crossclaim;
>
> **(5)** a third-party complaint;
>
> **(6)** an answer to a third-party complaint; and
>
> **(7)** if the court orders one, a reply to an answer.

*Fed. R. Civ. P.* 7(a).

Although courts tend to recognize the exception, some courts also anticipate that allowing a counterclaim in reply may result in a reply to the counterclaim in reply, which will create a procedural nightmare. *See Southeastern Indus. Tire Co. v. Duraprene Corp.*, 70 F.R.D. 585, 588 (E.D. Pa. 1976) (stating a jury subjected to such a situation may find it "mind-boggling, or at least confusing"). Thus, "for reasons of clarity and practicality, it would be better to treat the counterclaim in reply as an amendment to the complaint." *Id.*; *see also Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp.2d 206, 213 n.3 (S.D. N.Y. 2007) (stating "a reply counterclaim is to be treated as a motion to amend the complaint under Rule 15(a)" (citations omitted)); *Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 211 F.R.D. 312, 315 n.5 (N.D. Ohio 2002) (recognizing "that a counterclaim to a counterclaim, or a counter-counterclaim, would be effected by simply amending the complaint").

In this case, Plaintiff argues that Defendant's counterclaim "relates principally to prior paid invoices that were paid during a time frame prior to the dates of the unpaid invoices Plaintiff seeks to collect in his suit on an account." *Plaintiff's Reply to the Response on behalf of BorgWarner Morse Tec, Inc. to Plaintiff's Motion for Leave to File Counterclaim*, at 2-3. In addition, as Defendant's allegations are based on Plaintiff's alleged failure to follow certain billing guidelines, Plaintiff argues that Defendant effectively filed a permissive counterclaim, not a compulsory counterclaim as Defendant has asserted. Irrespective of any of these characterization, Plaintiff states that his counterclaim is permitted because it involves conduct that occurred after he filed his Reply to the Amended Counterclaim and which first became known to him during the week of November 15, 2011. Thus, Plaintiff requests that, if his action is not deemed a proper

counterclaim, the Court should exercise its discretion and treat it as a motion to file a Supplemental Complaint under Rule 15(d).[4]

A supplemental pleading under Rule 15(d) is different from an amended pleading because it relates to matters occurring after the filing of the original complaint. *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (citation omitted). In reviewing Plaintiff's proposed counterclaim, however, the Court finds it appears to be a mix of both events that took place prior to and after the original and Amended Complaint were filed. For instance, in Count I of the proposed counterclaim, Plaintiff seeks a declaratory judgment on a number of issues, including whether a contract existed between the parties and whether the billing guidelines were part of the contract. Plaintiff also asks that the Court determine whether the billing guidelines violate certain ethic rules. At the very least, the contract issues predate the filing of the Complaints. On the other hand, in Count II of the proposed counterclaim, Plaintiff asserts that Defendant acted in bad faith and breached its covenant of good faith and fair dealing by, in part, disclosing certain information

---

[4]Rule 15(d) provides:

> **Supplemental Pleadings**. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

*Fed. R. Civ. P.* 15(d).

protected by the ethic rules to gain advantage in civil proceedings. Plaintiff asserts the disclosure did not occur until August 2011 or later, and he did not learn of the disclosure until the week of November 21, 2011. Thus, it appears those events occurred after the filing of both the original and Amended Complaint.

Given that it appears at least some of the issues raised in the proposed counterclaim arose prior to the original and Amended Complaint being filed, and the parties disagree over the compulsory and/or permissive nature of the counterclaims, the Court finds the easiest and most efficient way to handle the matter is to simply convert Plaintiff's motion to be a motion to file a Second Amended Complaint. By treating it as a motion to file a Second Amended Complaint, it not only prevents the Court from going through extensive legal wrangling regarding the permissive or compulsory nature of the counterclaims, but it also prevents the case from becoming a procedural nightmare that ultimately may contribute to jury confusion. Therefore, for the sake of practicality and clarity, the Court will treat Plaintiff's motion as one to file a Second Amended Complaint.

Defendant next argues, however, that regardless of how the Court considers the pleading, the Court should not grant the motion based upon futility. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) ("Leave to amend may properly be denied where amendment would be futile."). With respect to Count I, Defendant argues the issues presented are not appropriate for declaratory judgment because whether a contract exists between the parties and whether either party breached the contract is a matter best left to discovery. In addition, Defendant argues that its claims are not about billing guidelines, but rather about it being

-7-

overbilled for work performed. Thus, Defendant argues a declaration of rights and obligations under the contracts is not appropriate or helpful. To the contrary, Plaintiff argues an early decision on whether the billing guidelines are unethical is essential to the resolution of the case and an early decision on this matter will limit the scope of discovery and expert testimony. Upon consideration, the Court cannot determine at this point whether a declaratory judgment is appropriate on the contract and billing questions, nor can it say that Plaintiff's attempt to get a declaratory judgment on the issue is futile. As the Fourth Circuit has held that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient . . . on its face," *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986), the Court will not deny the amendment based upon this argument.

Next, Defendant argues that it cannot determine what Plaintiff's claim is in Count II because in one paragraph Plaintiff alleges a breach of the covenant of good faith and fair dealing in the contract and, in another paragraph, Plaintiff asserts he is entitled to tort relief for Defendant's bad faith conduct, which Defendant asserts is not recognized under West Virginia law. Upon reading Count II, the Court agrees that it is somewhat confusing as to what Plaintiff's precise claim is. However, the Court finds that Plaintiff, at the very least, appears to have given Defendant notice of a claim for breach of good faith and fair dealing and it is not "clearly insufficient . . . on its face." *Id.* Thus, the claim is not futile.

## III.
## CONCLUSION

Accordingly, having considered the arguments by the parties and converted Plaintiff's motion into a motion to file a Second Amended Complaint, the Court **GRANTS** the motion for good cause and in the interests of justice under Rule 15(a)(2) of the Federal Rules of Civil Procedure. The Court **DIRECTS** Plaintiff to integrate the Amended Complaint with his proposed Counterclaim on or before **January 30, 2012**, and file it with the Court as a Second Amended Complaint. The integrated Second Amended Complaint also must clarify the precise claim Plaintiff is attempting to make in what is currently Count II of the proposed counterclaim and state the factual basis for that claim.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:        January 23, 2012

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE