# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**ROY D. BAKER, JR.,**
**f/d/b/a BAKER & LANCIANESE,**
**f/d/b/a BAKER & ORNDORFF, and**
**f/d/b/a BAKER LAW OFFICES**

    **Plaintiff,**

v.                                        **Case No. 3:11-cv-00505**

**BORGWARNER MORSE TEC, INC.,**

    **Defendants.**

## ORDER

Pending before the Court is Plaintiff's Motion to Compel More Complete Answers and Responses to Requests for Admission, First Set (Docket No. 61). On February 24, 2012, Defendant filed a Response to the motion indicating that the parties had "reached an agreement regarding the vast majority, if not all" of the outstanding discovery issues. (Docket No. 65). On March 2, 2012, Plaintiff filed a Memorandum of Law in Support of his Motion to Compel (Docket No. 85) in which he identified twenty-three responses to requests for admission that remained in contention. Plaintiff then provided the Court with an updated report on March 13, 2012, which indicated that additional matters had been resolved and that nine responses to requests for admission were still in some stage of dispute (Docket No. 95). Therefore, the Court addresses only those nine unresolved responses as set forth in Docket No. 95, as the other matters are

moot. For the reasons that follow, the Court **GRANTS, in part,** and **DENIES, in part,** Plaintiff's Motion to Compel.

The Court **DENIES** Plaintiff's motion to compel responses to requests for admission 1-10 and 1-20. Fed. R. Civ. P. 36 does not require a responding party to provide the basis for its denial of a request for admission. As long as the denial "fairly responds to the substance of the matter," and does not, in good faith, require qualification, it is an acceptable answer. Plaintiff has provided no factual basis upon which the Court can conclude that Defendant's denials require qualification or fail to fairly respond to the substance of the matter. In fact, Plaintiff's Motion actually requests supplementation of a related interrogatory response rather than seeking an answer to a request for admission. If Plaintiff wishes to compel an interrogatory response, he should file an appropriate motion seeking that relief.

The Court **GRANTS** Plaintiff's motion to compel responses to requests for admission 1-45 and 1-49. Defendant objects to the requests on the basis of relevance. Plaintiff responds that the requests bear on the issue of bad faith as alleged in the Second Amended Complaint. Relevancy in the context of discovery is broad in scope, because "[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." *King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988). *see, also, Carr v. Double T Diner,* 272 F.R.D. 431, 433 (D.Md. 2010)("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). The burden is on Defendant to support its objection. *United Oil Co., Inc. v. Parts Assocs., Inc.,* 227 F.R.D. 404, 411 (D.Md. 2005) ("Generally,

the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. This includes, of course, where the resisting party asserts that the discovery is irrelevant."). Defendant has not provided the Court with a sufficient basis to find that the requests seek irrelevant evidence; accordingly, Defendant is **ORDERED** to provide responses to these requests for admission within ten (10) days of the date of this Order.

The Court **DENIES** Plaintiff's motion to compel responses to requests for admission 1-37, 1-63, 1-64, 1-71, and 1-72. Although Defendant qualifies its responses, the qualifications are acceptable under the circumstances. *See Cohne v. NCAA,* 2012 WL 1029493 (W.D.N.Y. March 26, 2012) (qualification of answer is permissible to clarify context or refute unfair inferences).

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 12, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge