IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROY D. BAKER, JR.,
f/d/b/a BAKER & LANCIANESE,
f/d/b/a BAKER & ORNDORFF, and
f/d/b/a BAKER LAW OFFICES

      Plaintiff,

v.                                             Case No. 3:11-cv-00505

BORGWARNER MORSE TEC, INC.,

      Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion to Compel More Complete Answers to Interrogatories, First Set, (Docket No. 63), to which Defendant has filed a Response. (Docket No. 69). On March 2, 2012, Plaintiff filed a Memorandum of Law in Support of his Motion to Compel, indicating that the sufficiency of answers to twenty-seven requests was still in dispute. (Docket No. 86). Subsequently, Plaintiff provided the Court with a report dated March 13, 2012, which advised that additional matters had been resolved and that issues remained regarding only four interrogatories. (Docket No. 95). Therefore, the Court addresses only those four unresolved responses set forth in Docket No. 95, as the other matters are moot. For the reasons that follow, the Court **GRANTS, in part,** and **DENIES, in part,** Plaintiff's Motion to Compel.

First, Plaintiff moves to compel an answer to interrogatory no. 1-2, which seeks the specific grounds and bases, as well as the identity of witnesses and documents, regarding each denial alleged by Defendant in answer to the amended complaint. Defendant objects to the interrogatory on the grounds that it is "vague, overly-broad, calls for a legal conclusion," and seeks protected information. (Docket 79-7 at 3). As Plaintiff acknowledges in his memorandum, interrogatory no. 1-2 is a contention interrogatory. Fed. R. Civ. P. 33(a)(2) anticipates the use of contention interrogatories and expressly sanctions their function. However, "[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period." *Capacchione v. Charlotte-Mecklenburg Board of Education,* 182 F.R.D. 486, 489 (W.D.N.C. 1998). Reasons supporting a delayed response include "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed," *Cornell Research Found., Inc. v. Hewlett Packard Co.,* 223 F.R.D. 55, 66 (N.D.N.Y.2003) and the likelihood that an undeveloped record will result in vague or ambiguous responses, *In re Convergent Technologies Sec. Litig.,* 108 F.R.D. 328, 338 (N.D.Cal.1985). Here, the case has been pending since July 2011 and significant discovery has been completed. Moreover, future discovery may partially depend upon Defendant's answer to the interrogatory. Accordingly, Defendant is **ORDERED** to answer interrogatory no. 1-2 within thirty (30) days of the date of this Order. While Defendant may not be able to discern *every* fact, ground, witness or document that supports each denial, Defendant is capable of

identifying those currently known to it and can always supplement its response in accordance with the Federal Rules of Civil Procedure.

Next, Plaintiff seeks to compel a response to interrogatory no. 1-16, which requests the substance of all communications "of any type whatsoever" between Defendant and its insurers concerning the Billing Guidelines referenced in the amended counterclaim. Defendant objects on the ground that the interrogatory seeks irrelevant information. In reply, Plaintiff contends that he is entitled to obtain this information in light of a 2005 ethics opinion issued by the West Virginia State Bar's Office of Disciplinary Counsel, which effectively rendered the Guidelines invalid and unenforceable.

An examination of the interrogatory reveals that it is exceedingly broad. It seeks the substance of any type of communication relating to the Guidelines, regardless of how mundane or irrelevant the communication is to the issues in the present action, and it places no time limitation on the date of the communications. Accordingly, the Court **DENIES** Plaintiff's Motion to Compel this interrogatory, but grants leave to Plaintiff to re-submit a similar interrogatory that is appropriately limited to the issues in dispute and the relevant time frame.

Plaintiff also seeks to compel an answer to interrogatory no. 1-18, which asks for the contact information of every person with knowledge of a ground or basis to support the amended counterclaim. Defendant objects, arguing that the interrogatory is overly-broad and vague. The Court finds the interrogatory to be proper as Plaintiff is entitled to know the identity of potential witnesses who have

knowledge of the claims asserted in the counterclaim. Therefore, Defendant is **ORDERED** to answer the request within ten (10) days of the date of this Order.

Finally, Plaintiff moves to compel Defendant to answer interrogatory no. 1-26, which requests Defendant to describe each "oral and/or written contract" referenced by Defendant in paragraph 19 of its amended counterclaim. Defendant objects to the interrogatory claiming it is overly-broad, but nevertheless appears to answer it and subsequently agrees to provide a privilege log. (*See* Docket No. 95 at 14). Defendant alleges paragraph 19 of the amended counterclaim in support of its breach of contract claim. Defendant avers that it contracted with Plaintiff via "oral and/or written contracts to provide legal services," and Plaintiff subsequently breached those contracts by employing wrongful billing practices. Certainly, Plaintiff is entitled to learn the particulars of the contracts he allegedly breached. Therefore, the Court **GRANTS** Plaintiff's motion, and Defendant is **ORDERED** to respond to this interrogatory within ten (10) days of the date of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 13, 2012.

Cheryl A. Eifert
United States Magistrate Judge