IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROY D. BAKER, JR.,
f/d/b/a BAKER & LANCIANESE,
f/d/b/a BAKER & ORNDORFF, and
f/d/b/a BAKER LAW OFFICES

        Plaintiff,

v.                                                                  Case No. 3:11-cv-00505

BORGWARNER MORSE TEC, INC.,

        Defendants.

## ORDER

Pending before the Court is Defendant's Motion to Compel Full and Complete Responses to BorgWarner's First Set of Interrogatories and Requests for Production of Documents and Motion to Determine the Sufficiency of Plaintiff's Responses to BorgWarner's First Set of Requests for Admission. (Docket No. 58). Plaintiff filed a Response in opposition of the motion. (Docket No. 82). On March 13, 2012, Defendant filed a memorandum in support of the motion to compel in which Defendant provided a status report outlining the issues still in dispute. (Docket No. 94). On the same day, Plaintiff provided the Court with his report, similarly outlining the remaining matters of contention. (Docket No. 95). Plaintiff supplemented that report on March 16, 2012. (Docket No. 104). Accordingly, with one exception, the issues have been fully briefed and are ready for disposition. For the reasons that follow, the Court **GRANTS**

Defendant's Motion to Compel as set forth below.

### Interrogatories

According to Defendant's Memorandum filed on March 13, 2012, interrogatory numbers 3, 4, 6, 7, 8, 19 and 20 remain the subject of Defendant's motion to compel. Having considered the arguments of the parties, Plaintiff is **ORDERED** to fully respond to interrogatory numbers 3 and 4 within ten (10) days of the date of this Order. Plaintiff argues that the requested information is privileged as an attorney/client communication. However, Defendant seeks only the total number of hours billed each designated year by the identified employees without reference to any particular client. Thus, these interrogatories do not seek privileged information and should be answered.

Interrogatory no. 6 requests information related to amounts refunded by Plaintiff to clients that may have been overcharged.  The information requested is relevant to determine the total amount refunded by Plaintiff to his clients and how the refunds were allocated between the clients. Interrogatory numbers 7 and 8 seek the names of clients for whom two employees of Plaintiff performed services from 2004-2007 and the amount of dollars and hours that were charged to each such client by the employees. The targeted employees are identified as the individuals who allegedly engaged in the wrongful billing practices which form the basis of Defendant's counterclaim. Defendant alleges in its counterclaim, in relevant part, that Plaintiff's employees charged Defendant for "grossly-excessive time billed to tasks" and for "time and expenses that should have been divided between Borg and other clients, and was not." In addition, Defendant claims that Plaintiff was unjustly enriched by the wrongful billing practices of the two

employees. Thus, billing statistics of the employees and the identities of the affected clients may lead to admissible evidence. Having determined the relevancy of the requested information, the Court turns to Plaintiff's argument that the information is properly withheld from disclosure based upon the attorney/client privilege. In *In re Grand Jury Subpoena,* the Court of Appeals for the Fourth Circuit held that "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed [by an attorney] are usually not protected from disclosure by the attorney-client privilege." 204 F.3d. 516, 520, (4th Cir. 2000), *citing Chaudhry v. Gallerizzo,* 173 F.3d 394, 402 (4th Cir. 1999); *See also Pollard v. E.I. DuPont de Nemours & Company,* 2004 WL 784489, at *4 (W.D.Tenn. Feb. 24, 2004) (holding as a general rule "attorney fees are not deemed privilege and are subject to discovery.").[1]

It is well-settled that the attorney-client privilege "does not envelope everything arising from the existence of an attorney-client relationship." *United States v. Goldfarb,* 328 F.2d 280, 282 (6th Cir. 1964). "The attorney-client privilege only precludes disclosure of *communications* between attorney and client and does not protect against disclosure of the facts underlying the communication." *Humphreys, Hutcheson & Moseley v. Donovan,* 755 F.2d 1211,

---

[1] Federal Rule of Evidence 501 states the general rule for matters of privilege in a federal court proceeding, providing in relevant part, "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." The substantive claims and defenses in this civil action are matters of State law; accordingly, the question of whether the documents requested are privileged as a confidential attorney-client communication is governed by West Virginia law. The parties did not rely upon, and the undersigned could not locate, any West Virginia cases that discussed the extent of the attorney/client privilege in the context of attorney invoices, fee information, and client identities.

1219 (6th Cir. 1985); *see also United States v. Haddad,* 527 F.2d 537, 538–39 (6th Cir. 1975) ("In the absence of special circumstances, the amount of money paid or owed to an attorney by his client is generally not within the attorney-client privilege."); *United States v. Skeddle,* 989 F.Supp. 890, 904 (N.D.Ohio 1997) (quoting *Duttle v. Bandler & Kass,* 127 F.R.D. 46, 52 (S.D.N.Y. 1989)) ("To be given privileged status, 'fee information must amount to or reveal confidential information regarding the advice sought from the attorney.'"). Only under special circumstances are a client's identity and fee information privileged. *In re Grand Jury Subpoena,* 204 F.3d at 520, *citing In re Shargel,* 742 F.2d 61, 63 (2nd Cir. 1984). The burden is on the proponent of the privilege to corroborate its applicability and breadth. *Id.* at 522. Plaintiff has not offered a factual basis upon which the Court can conclude that the identities of other clients and/or the amount of time and fees charged to the clients fall within a special circumstance that would justify invoking the privilege to protect that information from disclosure.[2] Thus, Plaintiff is **ORDERED** to fully respond to interrogatory numbers 6, 7, and 8 within ten (10) days of the date of this Order.

Interrogatory numbers 19 and 20 seek compensation information regarding the two employees who allegedly engaged in wrongful billing practices. Clearly this information may lead to the discovery of admissible evidence on Defendant's counterclaim. Plaintiff has not raised a valid privilege under which to withhold this information. Accordingly, Plaintiff shall fully respond to these

---

[2] Plaintiff relies on Rule 1.6 of the West Virginia Rules of Professional Conduct to justify nondisclosure. Rule 1.6 requires an attorney to keep information relating to the representation of a client confidential unless the client agrees to disclosure. To the extent that the Rule may prevent disclosure of client identity and fee and billing information, Plaintiff has fulfilled his obligation to invoke the privilege. However, as the comment to the Rule indicates, Plaintiff must comply with an order of the Court requiring disclosure of the information.

interrogatories within ten (10) days of the date of this Order.

### **Request for Production of Documents**

Three document requests, numbers 3, 8, and 11, remain unresolved. Request no. 8 seeks copies of a nurse paralegal's work product for which Plaintiff billed Defendant. Plaintiff objects to this production on the basis that it is "burdensome" and would "require an enormous amount of time to search each BorgWarner file to cull out one person's work product." Despite these assertions, Plaintiff has never provided specifics to the Court regarding the amount of time and expense Plaintiff would incur in responding to this request. To resist a valid discovery request on the grounds of burdensomeness, Plaintiff must submit evidence supporting its claim that the discovery is unduly burdensome, oppressive, or improperly invasive. Plaintiff must do more to carry his burden than make conclusory and unsubstantiated arguments. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection). Inasmuch as Plaintiff has failed to provide affidavits or other documentation to substantiate the burdensomeness of the request, Plaintiff is **ORDERED** to respond to request no. 8 within thirty (30) days of the date of this Order.

Request for production of documents no. 3 seeks records reflecting refunds by Plaintiff to his clients. For the same reasons set forth in the discussion regarding Interrogatory number 6, the Court finds that the documents requested are relevant and are not privileged. Accordingly, Plaintiff is **ORDERED** to provide the documents sought in request no. 3 within thirty (30) days of the date of this Order. In the case of cancelled checks or other documentation pertaining to refunds, Plaintiff may redact information, such as bank account numbers, which if left unredacted, might unduly jeopardize the privacy of Plaintiff's financial data.

Request no. 11 seeks copies of the invoices sent to clients of Plaintiff's law firm during the years of 2004 through 2008 "for whom Rick Lancianese and David Sansom performed work." Plaintiff again objects to these discovery requests on the basis of attorney/client privilege. Given that this request raises multiple issues that are not fully addressed by the parties in their memoranda, the Court will entertain oral argument on Defendant's motion to compel a full and complete response to request for production no. 11. Therefore, the Court holds its ruling in abeyance pending further argument.

### Requests for Admission

Defendant challenges the sufficiency of Plaintiff's responses to request for admission numbers 1, 2, 3, 4, 5, 7, 9, and 11. All of these requests seek to establish a particular threshold number of billable hours above which certain employees of Plaintiff billed clients in specific calendar years. The targeted employees are those who allegedly engaged in the wrongful billing practices that form the basis of Defendant's amended counterclaim. Clearly the information requested is

relevant; therefore, Plaintiff's objection on that ground is overruled. Plaintiff further objects to the requests on the basis of attorney/client privilege. Given that the requests do not address anything other than the total number of hours billed by the employees, the Court fails to see how the attorney/client privilege is triggered. Accordingly, Plaintiff is **ORDERED** to fully respond to these requests for admission within ten (10) days of the date of this Order.

The parties may use the Court's standard Agreed Protective Order available on the court's website to govern the use and disclosure of documents considered confidential. The Order should be sent to the undersigned for entry prior to disclosing the documents that are the subject of this Motion to Compel.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 16, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge