IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ROY D. BAKER, JR.,
f/d/b/a BAKER & LANCIANESE,
f/d/b/a BAKER & ORNDORFF, and
f/d/b/a BAKER LAW OFFICES

      Plaintiff,

v.                                  Case No. 3:11-cv-00505

BORGWARNER MORSE TEC, INC.,

      Defendants.

## ORDER

Pending before the Court is Defendant's Motion for Protective Order (ECF No. 140). In this Motion, Defendant asks the Court to prohibit Plaintiff from seeking discovery related to an ethics complaint filed against Plaintiff in November 2008 by Peggy Muensterman, Defendant's in-house counsel. Defendant argues that this line of inquiry is irrelevant to the issues in dispute as this action is nothing more than a simple breach of contract case. Defendant avers that Plaintiff's discovery is solely intended to harass and retaliate against Ms. Muensterman for filing the ethics complaint. According to Defendant, Ms. Muensterman's actions in this regard are protected from civil liability by West Virginia law; therefore, Plaintiff should be precluded from discovering any of the circumstances underlying the filing of the complaint. In further support of its position, Defendant relies upon a Memorandum Opinion and Order recently

entered by the presiding District Judge, which granted dismissal of Plaintiff's claims related to the ethics complaint to the extent that they "can be interpreted as a claim against Defendant for filing an ethics complaint." (*See* ECF No. 207 at 9).[1]

In response, Plaintiff argues that his purpose in seeking information about the circumstances underlying the filing of the ethics complaint is not to harass, retaliate or pursue a claim against Ms. Muensterman. (ECF No. 191). Instead, Plaintiff's requests are designed to uncover bad faith behavior on the part of the Defendant related to its failure to pay the invoices that form the basis of Plaintiff's Second Amended Complaint. In Count III of the Second Amended Complaint and in Plaintiff's response in opposition to Defendant's motion for a protective order, Plaintiff argues that Defendant acted in bad faith in several ways, all of which were designed to avoid payment of legitimate invoices issued by Plaintiff. First, Plaintiff claims that Defendant required him to continue working on Defendant's cases for over a year after Plaintiff disclosed the billing irregularities in his firm, with no intention of paying him for his services. Plaintiff contends that Defendant strategically filed the ethics complaint after the year had passed "as a way to avoid payment" of the professional services rendered by Plaintiff during that period. (ECF No. 191 at 5). Second, Plaintiff asserts that Defendant used and disclosed Plaintiff's confidential response to the ethics

---

[1] Defendant contends that the District Judge's opinion "effectively culled through amorphous allegations contained in Count III [the bad faith count] and has limited them to only (a) claims arising from the transmission of Plaintiff's 'Verified Response' to the ethics complaint and (b) claims relating to the use of the LEI-2005 opinion of the Office of Disciplinary Committee." (ECF No. 210 at 2). The undersigned disagrees with this interpretation of the opinion. Rather than ruling on the parameters of the remaining bad faith claims, the Court simply excised from Count III any claim seeking damages for the filing of an ethics complaint.

complaint in order to gain an unfair advantage in this and other cases. Finally, Plaintiff alleges that Defendant persists in relying upon improper billing guidelines to escape liability for the unpaid invoices. Plaintiff emphasizes that Defendant has not identified any billing improprieties in the unpaid invoices and has improperly used the ethics complaint and related confidential response as tools to further its defense.

Having carefully reviewed the memoranda, attachments, and other documents of record, the Court does not find that the purpose of Plaintiff's discovery on this issue is to harass or retaliate against Ms. Muensterman or pursue a civil action against her or the Defendant for filing the ethics complaint. Instead, the Court finds that Plaintiff's goal with the proposed discovery is to (1) establish that Defendant used the ethics proceedings in a premeditated and calculated maneuver to avoid paying bonafide invoices and (2) refute Defendant's defense that it did not pay the invoices because Plaintiff still owed reimbursement for prior overbillings. Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery regarding any nonprivileged matter that is relevant to **any party's claim or defense**. "While the Federal Rules of Civil Procedure do not define 'relevant information,' the Federal Rules of Evidence define it as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Boykin Anchor Co., Inc. v. Wong* 2011 WL 5599283 at * 2 (E.D.N.C. November 17, 2011), *citing United Oil Co., v. Parts Assocs., Inc,* 227 F.R.D. 404. 409 (D.Md. 2005). Nonetheless, relevancy in the context of discovery is broader in scope than its evidentiary definition, because

- 3 -

"[d]iscovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." *King v. Conde,* 121 F.R.D. 180, 194 (E.D.N.Y. 1988); *see, also, Caton v. Green Tree Services, LLC,* 2007 WL 2220281 (N.D.W.Va.) (the "test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence."); *Carr v. Double T Diner,* 272 F.R.D.431, 433 (D.Md.) ("The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case"). For purposes of discovery, then, information is relevant, and thus discoverable, if it '"bears on, or … reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case. Although 'the pleadings are the starting point from which relevancy and discovery are determined … [r]elevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information.' Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. Therefore, courts broadly construe relevancy in the context of discovery." *Kidwiler v. Progressive Paloverde Ins. Co.,* 192 F.R.D. 193, 199 (N.D.W.Va. 2000) (internal citations omitted). Discovery is intended to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible." *United States v. Proctor & Gamble,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

Given the broad nature of discovery and the express claims of Plaintiff, the Court finds Plaintiff's discovery requests related to the circumstances underlying the filing of the ethics complaint to be relevant. Accordingly, the Court **DENIES**

Defendant's Motion for Protective Order (ECF No. 140). Defendant shall have fourteen (14) days in which to respond to outstanding discovery requests. To the extent that Defendant withholds information based upon a privilege, Defendant shall comply with Fed. R. Civ. P. 26(b)(5).

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** May 18, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge