**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**ROY D. BAKER, JR.,**
**f/d/b/a BAKER & LANCIANESE,**
**f/d/b/a BAKER & ORNDORFF, and**
**f/d/b/a BAKER LAW OFFICES**

          **Plaintiff,**

**v.**                                           **Case No. 3:11-cv-00505**

**BORGWARNER MORSE TEC, INC.,**

          **Defendants.**

**ORDER**

      Pending before the Court is Plaintiff's motion to compel responses to discovery requests as outlined in Plaintiff's Reply to Defendant's Response to Plaintiff's Third Supplemental Report of Remaining Discovery Disputes (ECF No. 203). Before addressing the disputed requests, the Court **DENIES** Plaintiff's motion to compel to the extent that it argues that the tardiness of Defendant's initial responses justifies an order compelling discovery, which ground has been asserted by Plaintiff in numerous motions and memoranda and most recently was reiterated in footnote 1 of the reply memorandum.

      Plaintiff argues that Defendant's responses to discovery requests were due on November 28, 2011.[1] (See ECF Nos. 63 and 64). When no responses were forthcoming, Plaintiff wrote to Defendant on December 15, 2011 requesting the

---

[1] Actually, a stipulation entered into by the parties on December 9, 2011 gave Defendant until December 19, 2011 to complete and file initial objections and responses to discovery.  (ECF No. 29).

responses. Plaintiff wrote to Defendant again on December 19, 2011 advising Defendant of Plaintiff's position that because Defendant had not requested an extension of time, Defendant had waived its right under the Local Rules to object to the discovery requests. Defendant did not respond to the discovery until January 9, 2012.  As Plaintiff aptly points out, L.R.Civ.P. 37.1(a) provides that objections to discovery not filed in a timely fashion are deemed waived "unless otherwise ordered for good cause shown." The record in this case indicates that the parties worked diligently to conduct discovery and resolve disputes, resulting in at least two stipulations modifying dates related to discovery enforcement and numerous e-mail exchanges regarding their unresolved differences. Simultaneously, the parties were filing and responding to amended pleadings, which necessarily affected the scope of discovery. Although Defendant did file its initial responses late, the Court finds that the sheer volume of letters, e-mails, requests, motions, stipulations, reports, memoranda, supplemental and amended motions, supplemental memoranda, and supplemental disclosures exchanged between the parties, combined with their incessant squabbling over what was said, done, and/or resolved at "meet and confer" sessions, renders an objection based on the timeliness of Defendant's initial answers to be meaningless and further finds good cause to excuse Defendant's initial tardiness. Therefore, the Court will rule on the outstanding issues based upon the substantive merits of the motion to compel.

      1.     RFA 1-27—Plaintiff filed a request for admission that referenced Exhibit A to the amended counterclaim; however, there were no exhibits to the amended counterclaim. Plaintiff contends that he subsequently identified the

document he incorrectly identified as Exhibit A, but Defendant still refuses to respond to the request. Plaintiff's motion to compel is **DENIED,** but Plaintiff is granted leave to file a revised request for admission explicitly identifying the document which forms the basis of the query.

2.      RFP 1-13, 1-14, and 1-15—Defendant is **ORDERED** to identify which documents previously produced are responsive to each request within fourteen (14) days of the date of this Order.

3.      RFP 1-22—Defendant is **ORDERED** to supply any additional documents responsive to this request within fourteen (14) days of the date of this Order.

4.      RFP 1-27—Plaintiff seeks documentation from the Defendant of the amount Defendant claims to have paid Plaintiff for legal services. Defendant has produced 1099 forms, invoices, checks, check requests, and reimbursements for the time frame of 2004-2008 and states that it is "unsure how else to supplement this Response."  It appears that Defendant has fully responded to this request; therefore, Plaintiff's motion to compel is **DENIED.**

5.      RPF 1-28—Plaintiff seeks documentation supporting the total amount claimed by Defendant in its amended counterclaim. Defendant answered by referring Plaintiff to general objections and a preliminary statement.  To the extent Defendant has documents responsive to this request, it is **ORDERED** to produce them within thirty (30) days of the date of this Order. Defendant can reserve its right to supplement the response after it receives the remaining documents sought from Plaintiff.

6.     RFP 1-31, 1-39, 1-43—To the extent Defendant has not provided a privilege log for the documents withheld, Defendant is **ORDERED** to do so within fourteen (14) days of the date of this Order.

7.     RFP 1-44—If Defendant has no responsive documents, it is **ORDERED** to amend its answer within fourteen (14) days of the date of this Order to make that clear.

8.     RFP 1-45—Defendant is **ORDERED** to formally amend its answer to incorporate the audit findings within fourteen (14) days of the date of this Order.

9.     ROG 1-3—Plaintiff asks, *inter alia*, for the specific reasons for each response by Defendant that did not unequivocally admit a request for admission posed by Plaintiff. Defendant argues that this interrogatory is in excess of the forty (40) interrogatories agreed to by the parties and ordered by the Court.  In his first set of interrogatories to Defendant, Plaintiff asked 40 questions, the maximum allowed by agreement and order.[2] "Courts have found that 'an interrogatory that asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests usually should be construed as containing a subpart for each request for admission contained in the set.'" *Billings v. Conseco Health Insurance Co.,* 2011 WL 6152029 *2 (W.D.Okla. Dec. 12, 2011), *citing Safeco of Am. V. Rawstron,* 181 F.R.D. 441, 446 (C.D.Cal. 1998); *See, also, American Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 2002 WL 534459 (W.D.Va. Mar.

---

[2] Defendant argues that counting the discrete subparts, Plaintiff actually served 70 interrogatories.  While the Court does not necessarily agree with Defendant's contention, Plaintiff indisputably asked at least 40 questions.

18, 2002). Here, Plaintiff filed approximately 90 requests for admission, and Defendant denied, objected, was unable to answer, or provided a qualified answer to the majority of the requests.  Counting each such request as a discrete subpart, this interrogatory does indeed exceed the maximum number permissible. Although the Court could alter the limit and allow Plaintiff leave to ask additional interrogatories, the Court declines to do so given the extensive discovery already conducted in this case. Accordingly, Plaintiff's motion to compel a response to ROG 1-3 is **DENIED.**

10.    ROG 1-5—Defendant is **ORDERED** to supplement its response to incorporate the audit findings and identify any other responsive documents within fourteen (14) days of the date of this Order.

11.    ROG 1-14—Plaintiff's motion to compel is **DENIED**.

12.    ROG 1-24, 1-25, 1-28 through 1-40—Defendant is **ORDERED** to provide to Plaintiff within thirty (30) days of the date of this Order whatever information is then known to Defendant and is responsive to the requests. Defendant is further **ORDERED** to thereafter supplement the answers as required by the Federal and Local Rules of Civil Procedure.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:**  May 18, 2012.

Cheryl A. Eifert
United States Magistrate Judge

- 5