IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ROY D. BAKER, JR.,**
**f/d/b/a BAKER & LANCIANESE,**
**f/d/b/a BAKER & ORNDORFF, and**
**f/d/b/a BAKER LAW OFFICES**

    **Plaintiff,**

v.              Case No. 3:11-cv-00505

**BORGWARNER MORSE TEC, INC.,**

    **Defendants.**

## ORDER

  Pending before the Court are Defendant's Motions for Protective Order (ECF Nos. 188 and 189). Defendant advised the Court that the first Motion for Protective Order (ECF No. 188) was subsumed by the second Motion for Protective Order (ECF No. 189); accordingly, the Court **DENIES** the first Motion for Protective Order (ECF No. 188) as moot. Plaintiff responded to the second Motion for Protective Order (ECF No. 215) and Defendant replied (ECF No. 221). The Court then conducted a hearing on the issues contained in the Motion on Friday, June 1, 2012. Accordingly, this matter is ready for disposition.

  Having considered the arguments of counsel, the Court **GRANTS, in part,** and **DENIES, in part,** the motion as set forth below:

  1.  Plaintiff served on Defendant a request for production of documents, which accompanied the Notice of Rule 30(b)(6) deposition. In the request, Plaintiff

seeks production of "all documents ... which are used to prepare the individual or individuals who are designated to respond" to the areas of inquiry identified in the notice of deposition. Plaintiff requests that the documents be supplied three business days before the deposition. Defendant objects to supplying the documents on various grounds. Having considered the matter, the Court finds that this request is overly burdensome as it stands to reason that most, if not all, of the documents to be reviewed or relied upon by the witness(es) were previously produced in this action. Moreover, the Court is troubled that requiring Defendant to identify which documents were selected by counsel for deposition preparation may impermissibly invade Defendant's attorney work product protection. *See Rhodes v. E.I. Du Pont De Nemours and Co.*, 558 F.Supp.2d 660, 671 (S.D.W.Va. 2008) ("Courts acknowledge that the document selection process 'represent[s] the mental impressions of [the party's] counsel and [is] protected work product.' *citing Sporck v. Peil,* 759 F.2d 312, 315 (3d Cir.1985)). Accordingly, the Court **ORDERS** Defendant to supply to Plaintiff, three days before the 30(b)(6) deposition, a list of the documents reviewed by the witness(es) in preparation for deposition testimony, without reference to which documents were selected by counsel or to which particular areas of inquiry the documents are thought to relate.[1] In the event that documents are reviewed by the witness(es) that were not previously produced in this litigation, Defendant shall provide copies of those documents with the list, unless a privilege is claimed in relation to any particular document. If a privilege is asserted, Defendant shall comply

---

[1] The Rule 30(b)(6) witness currently designated by Defendant is its in-house counsel. Defense counsel indicated at the hearing that he expected the witness to review a substantial amount, if not all, of the documents produced in this case in order to comply with her responsibility to be prepared as the corporate designee. Accordingly, the Court is less concerned that producing a list of the documents reviewed would disclose attorney work product.

with Rule 26(b)(5). Defendant is not required to provide copies of documents that were previously produced by either party, are currently part of the record, or are otherwise in Plaintiff's possession as long as they are adequately identified on the list.

    2.    Plaintiff contends that Defendant waives its right to assert the attorney/client privilege related to any area of inquiry for which Defendant's in-house counsel is designated as the Rule 30(b)(6) witness. Defendant argues that no such waiver occurs. Plaintiff is **GRANTED** seven (7) days from the date of this Order in which to file a memorandum on this point of law, which should include his position regarding the application of state versus federal law on the issue of waiver. Defendant shall have five (5) days after service of the memorandum in which to file an opposing memorandum.

    3.    Defendant seeks an order prohibiting Plaintiff from inquiring into the matters outlined in paragraphs 24, 25, 26, 32, 35, 44, and 45 of the Notice of Rule 30(b)(6) deposition, arguing that these topics invade the privilege afforded to attorney/client communications and attorney work product. While the Court agrees that inquiry into the designated topics is likely to elicit some answers containing privileged information, the Court declines to order a blanket prohibition. Accordingly, the Court **DENIES** Defendant's motion for protective order, but acknowledges Defendant's right to raise the applicable privilege(s) at the time questions are posed and, if appropriate, to instruct the witness not to answer the question.

    4.    Defendant also objects to the subject matter of paragraphs 37 and 38 of the Notice, which seek information regarding communications between defense counsel and former employees of the Baker Law Firm before institution of the instant

action. The Court agrees with Defendant that these areas of inquiry seek information that is not relevant to the issues in dispute; accordingly, the Court **GRANTS** Defendant's motion for protective order.

5. Defendant argues that Plaintiff should not be permitted to ask questions regarding communications involving its litigation counsel, its in-house counsel, and attorney Thomas Crawford, because these communications are protected from disclosure by the common interest doctrine. Once again, the Court is hard-pressed to determine the applicability of the privilege in advance of the specific questions. Consequently, the Court **DENIES** Defendant's motion for protective order, but acknowledges Defendant's right to raise the applicable privilege(s) at the time questions are posed and, if appropriate, to instruct the witness not to answer the question.

6. Paragraph 54 of the notice of deposition seeks information regarding formal audits or reviews conducted by Defendant of invoices for legal services supplied by other law firms in asbestos litigation. Defendant objects on the basis of relevancy, pointing out that Defendant only audited Plaintiff's invoices after learning of billing irregularities, a fact scenario that is unique to Plaintiff. Plaintiff argues that this line of inquiry may reveal evidence establishing Defendant's bad faith dealings with Plaintiff. The Court **GRANTS**, **in part,** and **DENIES, in part,** Defendant's motion to protective order. Plaintiff shall be permitted to inquire regarding the incidence of audits or formal reviews, the process used by Defendant to determine the need for an audit or review, the process and/or standards and guidelines used in an audit or review, and any changes in the process, guidelines, and standards. However, Plaintiff shall be prohibited from inquiring into the identity of the other law firms

audited or the results of any particular audit or review of another law firm's invoices.

It is so **ORDERED**.  The Clerk is instructed to provide a copy of this order to all counsel of record.

ENTERED:  June 4, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge